```
DAVID L. OSIAS (BAR NO. 091287)
DEBRA A. RILEY (BAR NO. 151925)
ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Telephone:  (619) 233-1155
Facsimile:  (619) 233-1158

Attorneys for Debtors in Possession
```

UNITED STATES BANKRUPTCY COURT

Southern District of California

| | |
|---|---|
| In re<br><br>MII LIQUIDATION, INC., a California corporation, formerly known as METABOLIFE INTERNATIONAL, INC.,<br><br>         Debtor.<br><br>EIN 33-0647672 | Case No. 05-6040-H11<br><br>Chapter 11<br><br>(Jointly Administered with Case No. 05-6041)<br><br>DECLARATION OF RICHARD K. TRAUB IN SUPPORT OF MOTION FOR AN ORDER (1) APPROVING COMPROMISE AND SETTLEMENT OF CERTAIN EPHEDRA CLAIMS AND |
| AHP LIQUIDATION, LLC, a Delaware limited liability company, formerly known as ALPINE HEALTH PRODUCTS, LLC,<br><br>         Debtor.<br><br>EIN 94-3376088 | (2) AUTHORIZING AND ESTABLISHING PROCEDURES TO SETTLE CERTAIN OTHER EPHEDRA CLAIMS<br><br>Date:      June 28, 2006<br>Time:      10:30 a.m.<br>Dept.:     3<br>Judge:     Hon. John J. Hargrove |

I, Richard K. Traub, declare as follows:

1. I am an attorney duly licensed to practice in the States of New York, New Jersey, and Florida. I am a founding partner of Traub Eglin Lieberman Straus LLP ("TELS") and practice in the area of insurance coverage, products liability, and litigation management. TELS has been retained by Evanston Insurance Company and Investors Insurance Company of America

("Evanston Insurers") as coordinating counsel for all claims made against the Evanston Insurers' policies. Among other things, we are charged with the responsibility of evaluating both coverage and the range of exposure presented by each claim and to provide counsel on both the ephedra mediation and individually negotiated settlements. I have personal knowledge of the following facts, and if called to do so, could and would competently testify thereto.

2. Evanston Insurers provided products liability coverage to MII Liquidation, Inc., formerly known as Metabolife International, Inc. ("MII"), pursuant to six separate insurance policies from 1997 to 2001, subject to the terms, conditions, limitations, and exclusions of the applicable policies. Of these six separate policies, four provided primary coverage up to $1,000,000 each, while two provided excess coverage up to $25,000,000 each.

3. Currently, only one of the primary coverage policies has not been exhausted. That insurance policy, Investors Insurance Company of America Policy No. GLP1002781, provided coverage for the period July 1, 1997, to August 1, 1998, at 12:01 a.m.

4. The two remaining excess insurance policies, both issued by Evanston Insurance Company, are both numbered CU-AA-1597 MEU and ran for two consecutive policy periods. The first policy period was from August 1, 1998, to August 1, 1999,

at 12:01 a.m. The second policy period was from August 1, 1999, to August 1, 2000, at 12:01 a.m.

5. TELS, and especially I personally, have taken an active role in the ephedra mediation process going forward before Professor Eric Green. Before that process was undertaken, a draft coverage chart was developed that can assist the court and counsel in evaluating coverage periods and excess coverage in place. The chart is attached as an exhibit to the accompanying declaration of Christopher R. Barclay. This chart was created as a convenient tool for understanding, <u>but neither the chart nor this discussion in the declaration is a "warranty" of claim coverage. Actual coverage remains subject to the terms, conditions, limitations, and exclusions of the applicable policies</u>.

6. As part of the ephedra resolution strategy, TELS has also evaluated individual claims insured under the Evanston Insurers policies and attempted to settle certain claims, pursuant to our discussions with Professor Eric Green. In evaluating these claims, we have coordinated with defense counsel at Lewis, Brisbois, Bisgaard and Smith (R. Gaylord Smith, Esq. and Tim J. Vanden Heuvel, Esq.), who along with our firm have years of experience evaluating and litigating ephedra injury claims brought against MII and other ephedra manufacturers. We have also coordinated with experienced plaintiffs' counsel representing the claimants and have had frank discussions about

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

644318.04/SD

-3-

the value of various cases after intense evaluation of the medical records of the claimants.

7. In connection with these efforts, certain ephedra claims insured within the Evanston Insurers policy periods have been resolved pending execution of releases, the terms of which have been accepted. The claims are as follows:

   a. <u>Aisha Colbert v. Metabolife International, Inc.</u>, JCCP No. 4360-00089.

   b. <u>Janet Emmert, et. al. v. Metabolife International, Inc.</u>, JCCP No. 4360-00058.

   c. <u>John P. Hunt v. Metabolife International, Inc., et al.</u>, JCCP No. 4360-00071.

   d. <u>Shelli Schlaufhauser and John Schlaufhauser v. Metabolife International, Inc., et al.</u>, MDL 1598, S.D.N.Y. Case No. 1:04-cv-02891.

   e. <u>Grace Chalvire and Patrick Chalvire v. Metabolife International, Inc., et al.</u>, JCCP 4360 00052.

   f. <u>Joanne Marlow and John Marlow v. Metabolife International, Inc.</u>, MDL-1598, S.D.N.Y. Case No. 1:04-cv-02887.

   g. <u>Nancy Rhome v. Metabolife International, Inc.</u>, MDL-1598, S.D.N.Y. Case No. 1:04-cv-08555.

   h. <u>Terri Bagley v. Metabolife International, Inc., et al.</u>, SDSC Case No. GIC 849900 (JCCP number unassigned).

   i. <u>Gregory Litten v. Metabolife International, Inc., et al.</u>, SDSC Case No. GIC 849903 (JCCP number unassigned).

  j. <u>Lydia Reynoso v. Metabolife International, Inc.</u>, (JCCP number unassigned).

  k. <u>Joan Scott v. Metabolife International, Inc.</u>, (JCCP number unassigned).

  l. <u>Charles Cate v. MII</u>, JCCP number 4360-00051.

  m. <u>Patricia Collins v. MII, et al.</u>, MDL-1598; S.D.N.Y Case No. 1:05-cv-00154.

  n. <u>Candice LeGrande v. MII</u>, 10th Judicial District of Galveston County, Texas; Case No. 03-CV-0748.

  o. <u>Charles Motley v. MII</u>, MDL-1598, S.D.N.Y. Case No. 1:05-cv-01013.

  p. <u>Jerry Nygren and Janet Nygren v. MII, et al.</u>, USBC-S.D.Cal. Case No. 06-90189.

  q. <u>Bertie O'Bryant v. MII, et al.</u>, USBC-S.D.Cal. Case No. 06-90187.

  r. <u>Gail O'Neal v. MII</u>, USBC-S.D.Cal. Case No. 06-90185.

  s. <u>Joseph Saiter v. MII, et al.</u>; USDC-S.D.Cal. Case No. 06-CV-669.

  t. <u>Terry Shupe v. MII, et al.</u>, MDL-1598; S.D.N.Y Case No. 1:04-cv-07640.

 8. Each of these settlements were reached at arms length, after evaluation by TELS and defense counsel at Lewis, Brisbois, Bisgaard and Smith.  We also conducted intense evaluation of the medical records of the claimants and had frank and probing

discussions about the value of various cases in light of the collective settlement experience of the plaintiff's and defense litigators. We believe, after conducting a full evaluation process, that each settlement is reasonable from the defense perspective.

9. As discussed later in this paragraph, we also believe that the settlement amounts are reasonable with respect to the remaining unsettled claims within any given coverage period. We have put forth the following table indicating approximate remaining coverage on a per-policy basis after allocation of the losses based upon dates of loss and product use, to aid the court in determining the current motion. Again, this is not a warranty of claims coverage, and actual coverage is subject to the terms, conditions, limitations, and exclusions of the applicable policy.

| Policy | Total remaining coverage[1] |
|---|---|
| Investors Insurance Company of America GLP1002781 | $435,500 |
| Evanston Insurance Company CU-AA-1597 MEU, August 1, 1998, to August 1, 1999, at 12:01 a.m. | $18,897,500 |
| Evanston Insurance Company CU-AA-1597 MEU, August 1, 1999, to August 1, 2000, at 12:01 a.m. | $18,517,500 |
| **Total** | **$37,850,500.00** |

---

[1] <u>After</u> the settlements identified herein are paid or provided for.

10. Based upon the evaluations of all claims to date, the information tendered with respect to the remaining claims, and the history of settlements reached to date, it is the considered opinion of the defense team that the unsettled cases covered under the Evanston Excess Policies can and will be resolved for well within remaining policy limits under these excess policies and limits of the policies in excess of the same, and that unsettled cases covered under the Evanston Primary policy will be resolved for well within remaining policy limits and the limits of MII's excess coverage RLI and General Security.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 25, 2006, at New York, New York.

/s/ Richard K. Traub
RICHARD K. TRAUB

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

644318.04/SD

-7-