1

2

3    DAVID L. OSIAS (BAR NO. 091287)
     DEBRA A. RILEY (BAR NO. 151925)
4    ALLEN MATKINS LECK GAMBLE
        MALLORY & NATSIS LLP
5    501 West Broadway, 15th Floor
     San Diego, California 92101-3541
6    Telephone:  (619) 233-1155
     Facsimile:  (619) 233-1158
7
     Attorneys for Debtors in Possession
8

9                 UNITED STATES BANKRUPTCY COURT

10                 Southern District of California

11   | In re | Case No. 05-6040-H11 |
     |---|---|
12   | MII LIQUIDATION, INC., a California corporation, formerly known as METABOLIFE INTERNATIONAL, INC., | Chapter 11 |
13   | | (Jointly Administered with Case No. 05-6041) |
14   | | |
     | Debtor. | DECLARATION OF R. GAYLORD SMITH IN SUPPORT OF MOTION FOR AN |
15   | | ORDER (1) APPROVING COMPROMISE |
     | EIN 33-0647672 | AND SETTLEMENT OF CERTAIN |
16   | | EPHEDRA CLAIMS AND |
     | | (2) AUTHORIZING AND ESTABLISHING |
17   | AHP LIQUIDATION, LLC, a Delaware limited liability company, | PROCEDURES TO SETTLE CERTAIN |
     | | OTHER EPHEDRA CLAIMS |
18   | formerly known as ALPINE HEALTH PRODUCTS, LLC, | |
19   | | Date:      June 28, 2006 |
     | Debtor. | Time:      10:30 a.m. |
20   | | Dept.:     3 |
     | EIN 94-3376088 | Judge:     Hon. John J. Hargrove |
21

22        I, R. Gaylord Smith, declare as follows:

23        1.    I am an attorney licensed to practice law in the state

24   of California.  My firm, Lewis Brisbois Bisgaard & Smith LLP

25   ("LBBS"), has been engaged by MII's insurers to defend the

26   debtors in over 100 ephedra actions.  (As part of that insurance

27   engagement, I also represent some of the retailers.)  Pre-

28   petition, my firm served as national coordinating counsel for

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

644431.02/SD

1

2

3    MII, working alongside Higgs Fletcher & Mack in defending MII in

4    ephedra-related litigation.  I was a member of the Defense

5    Coordinating Committee in the Ephedra MDL in the Southern

6    District of New York until March 2006.  I have personal knowledge

7    of the following facts, and if called to do so, could and would

8    competently testify thereto.

9         2.   As insurance defense counsel for MII and certain

10   Metabolife-related third parties, my firm and I have taken an

11   active role in the ephedra mediation process before Professor

12   Eric Green that commenced with bankruptcy court approval shortly

13   after the chapter 11 petitions were filed.  In connection with

14   that mediation, I helped negotiate most of the specified

15   settlements that are the subject of this motion, and I am

16   familiar with the ephedra claims that may hereafter settle in

17   accordance with the procedures outlined in this motion.

18        3.   I have reviewed the declarations of Richard K. Traub,

19   counsel for the "Evanston Insurers" and Michael G. Ballnik,

20   counsel for National Union Fire Insurance Company of Pittsburgh,

21   submitted in support of the settlement motion.  I have nothing to

22   add to Messrs. Traub and Ballnik's presentation of the insurance

23   coverage available to pay the settled claims and other ephedra

24   claims within the specified policy years, other than that I am

25   not aware of anything inconsistent with their declarations.

26        4.   I offer this declaration specifically to set forth the

27   basis for the belief of the Debtors in Possession, Evanston

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

644431.02/SD

-2-

1

2

3  Insurers, National Union, and their respective counsel that these

4  settlements are individually reasonable and do not threaten to

5  exhaust the insurance coverage.

6      5.   My firm and I have reviewed extensive medical records

7  regarding the claims to be settled.  We have had open and

8  productive discussions with various plaintiffs' counsel, both

9  those for the claimants that are settling and other counsel.  We

10  have considered the history of claims that we were previously

11  able to resolve before the bankruptcy, and we have reviewed

12  generally the remaining proofs of claim that might be paid from

13  the insurance policies during the policy years in question.

14      6.   Based on all that, and based on my understanding of the

15  available insurance coverage (as set forth in Messrs. Traub and

16  Ballnik's declarations), I am of the view that the settlements

17  are fair and reasonable from the perspective of MII, its

18  insurers, and the other defense-side parties.  Moreover, I am

19  also of the view that MII and its insurers will be able to

20  settle, litigate, or otherwise resolve the other ephedra claims

21  from those policy years within the policy limits that remain

22  after giving effect to the present settlements.  Thus, similarly

23  situated ephedra claims, that is, those that share the same

24  insurance coverage, will receive similar treatment, based on the

25  reasonable settlement value of their claims.

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

644431.02/SD

-3-

1

2

3      I declare under penalty of perjury under the laws of the

4 United States of America that the foregoing is true and correct.

5      Executed on May 25, 2006, at New York, New York.

6

7                                          /s/ R. Gaylord Smith

                                          R. GAYLORD SMITH

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28