```
DAVID L. OSIAS (BAR NO. 091287)
DEBRA A. RILEY (BAR NO. 151925)
ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Telephone:  (619) 233-1155
Facsimile:  (619) 233-1158

Attorneys for Debtors in Possession
```

UNITED STATES BANKRUPTCY COURT

Southern District of California

| In re | Case No. 05-6040-H11 |
|---|---|
| MII LIQUIDATION, INC., a California corporation, formerly known as METABOLIFE INTERNATIONAL, INC., | Chapter 11 <br><br> (Jointly Administered with Case No. 05-6041) |
| Debtor. <br><br> EIN 33-0647672 | DECLARATION OF MICHAEL G. BALLNIK IN SUPPORT OF MOTION FOR AN ORDER (1) APPROVING COMPROMISE AND SETTLEMENT OF CERTAIN EPHEDRA CLAIMS AND (2) AUTHORIZING AND ESTABLISHING PROCEDURES TO SETTLE CERTAIN OTHER EPHEDRA CLAIMS |
| AHP LIQUIDATION, LLC, a Delaware limited liability company, formerly known as ALPINE HEALTH PRODUCTS, LLC, | |
| Debtor. <br><br> EIN 94-3376088 | Date:   June 28, 2006 <br> Time:   10:30 a.m. <br> Dept.:  3 <br> Judge:  Hon. John J. Hargrove |

I, Michael G. Ballnik, declare as follows:

1. I am an attorney duly licensed to practice in the State of Washington. I am a partner of Cozen O'Connor APC ("Cozen") and practice in the area of insurance coverage, products liability, and litigation management. Cozen has been retained by National Union Fire Insurance Company of Pittsburgh, an AIG company ("National Union") as coordinating counsel for all claims

1

2

3  made against the National Union and other AIG policies of MII.
4  Among other things, we are charged with the responsibility of
5  evaluating both coverage and the range of exposure presented by
6  each claim and to provide counsel on both the ephedra mediation
7  and individually negotiated settlements.  I have personal
8  knowledge of the following facts, and if called to do so, could
9  and would competently testify thereto.

10    2.    National Union provided products liability coverage to
11  MII Liquidation, Inc., formerly known as Metabolife
12  International, Inc. ("MII") pursuant to one excess coverage
13  insurance policy from August 1, 2000, to August 1, 2001
14  ("National Union Policy"), subject to the terms, conditions,
15  limitations, and exclusions of the policy.

16    3.    I have taken an active role in the ephedra mediation
17  process going forward before Professor Eric Green.  In connection
18  therewith, Cozen has evaluated individual claims insured under
19  the National Union Policy and attempted to settle certain claims,
20  pursuant to discussions with Professor Eric Green.  In evaluating
21  these claims, we have coordinated with defense counsel at Lewis,
22  Brisbois, Bisgaard and Smith (R. Gaylord Smith, Esq. and Tim J.
23  Vanden Heuvel, Esq.), retained by National Union to defend MII,
24  who along with our firm has years of experience evaluating and
25  litigating ephedra injury claims brought against MII and other
26  ephedra manufacturers.  We have also coordinated with experienced
27  plaintiffs' counsel representing the claimants and have had frank

28

discussions about the value of various cases after intense evaluation of the medical records of the claimants.

4.   In connection with these efforts, certain ephedra claims insured within the National Union policy period (and also the periods insured by Evanston Insurance Company) have been resolved pending execution of releases, the terms of which have been accepted.  The claims are as follows:

    a.   <u>Shelli Schlaufhauser v. Metabolife International, Inc.</u>, MDL 1598, S.D.N.Y. Case No. 1:04-cv-02891.

    b.   <u>Grace Chalvire and Patrick Chalvire v. Metabolife International, Inc.</u>, JCCP 4360 00052.

    c.   <u>Eric Harned v. MII, et al.</u>, USBC-S.D., Cal. Case No. 06-90188-JH.

5.   Each of these settlements were reached at arms length, after evaluation by Cozen and defense counsel at Lewis, Brisbois, Bisgaard and Smith.  We also conducted intense evaluation of the medical records of the claimants and had frank and probing discussions about the value of various cases in light of the collective settlement experience of the plaintiff's and defense litigators.  We believe, after conducting a full evaluation process, that the above-referenced settlements are reasonable from the defense perspective.

6.   We also believe that the settlement amounts are reasonable with respect to the remaining unsettled claims within the coverage period.  After payment of settlements referenced

3 above, the National Union Policy currently has remaining coverage
4 of approximately $19,212,500. Based upon the evaluations of all
5 claims to date, the information tendered with respect to the
6 remaining claims, and the history of settlements reached to date,
7 it is the considered opinion of Cozen and the defense team that
8 the remaining unsettled claims under the National Union Policy
9 can and will be resolved for well within remaining policy limits
10 and MII's additional excess insurance policies covering that same
11 period of time.

12      I declare under penalty of perjury under the laws of the
13 United States of America that the foregoing is true and correct.
14      Executed on May 25, 2006, at New York, New York.

16                              /s/ Michael G. Ballnik
                                MICHAEL G. BALLNIK